1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTOPHER O.,

                  Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:19-cv-05437-GJL

SOCIAL SECURITY DISABILITY
APPEAL ORDER

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 27, 32, 36.

       After considering the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled prior to July 1, 2019. The Court accordingly **AFFIRMS** the Commissioner's final decision with respect to that period. However, the Court finds the ALJ erred in finding Plaintiff not disabled from July 1, 2019, through the date of Plaintiff's 55th birthday in November 2021. The Court accordingly **REVERSES** and **REMANDS** this matter for further proceedings with respect to that period.

1

# I.    PROCEDURAL HISTORY

2      This case concerns two consolidated applications for Supplemental Security Income

3   (SSI) benefits and Disability Insurance Benefits (DIB). *See* AR 628. The first application was

4   filed in 2007 and was denied initially and following reconsideration. *See* AR 750–53. After a

5   hearing, ALJ Gary Elliot issued a decision finding Plaintiff not disabled in June 2010. AR 58–77.

6   Plaintiff appealed to the U.S. District Court for the District of Oregon (which at that time

7   enveloped his residence), and, on appeal, Judge Michael S. Simon reversed ALJ Elliot's decision

8   in July 2014. *See* AR 598 (duplicated at AR 807–34 and AR 1007–31).

9      In 2011, after ALJ Elliot's decision but before Judge Simon's reversal, Plaintiff filed a

10   second application which was denied initially and following reconsideration. *See* AR 78–92.

11   After a hearing (AR 31–57), ALJ Marilyn S. Mauer issued a decision finding Plaintiff not

12   disabled in June 2014 (AR 8–21) which was reversed by Judge Simon in February 2016 (AR

13   846–71).

14      In July 2015, while Plaintiff's appeal of ALJ Mauer's decision was pending before Judge

15   Simon (*see* AR 875), ALJ Ted Neiswanger issued another unfavorable decision on Plaintiff's

16   first application. AR 756–80. After Judge Simon's second decision was issued, the Appeals

17   Council (AC) vacated ALJ Neiswanger's decision and consolidated the two applications. *See* AR

18   781–87. In March 2018, ALJ S. Andrew Grace issued another unfavorable decision on Plaintiff's

19   consolidated applications. AR 908–51.

20      Plaintiff filed a Complaint in this Court seeking judicial review of ALJ Grace's decision

21   on May 22, 2019. Dkt. 5. After Plaintiff filed his Complaint but before Defendant filed the AR,

22   the Court granted the parties' stipulated motion (Dkt. 12) for the case to be remanded pursuant to

23   sentence six of 42 U.S.C. § 405(g). Dkt. 13. The Court retained jurisdiction while the

24

Commissioner took further administrative action. *See Shalala v. Schaefer*, 509 U.S. 292, 297, 299–300 (1993).

On remand, ALJ Preston Mitchell issued an unfavorable decision on Plaintiff's claim in March 2021. AR 958–98. The AC vacated ALJ Mitchell's decision in January 2023. AR 903–05. ALJ Jeffrey Raeber ("the ALJ") held an additional hearing on Plaintiff's claim on April 5, 2024. AR 689–749. On May 6, 2024, he issued a decision finding Plaintiff disabled after his 55th birthday (in November 2021), but not disabled prior to that date. AR 625–88.

After the ALJ's April 2024 decision, Plaintiff did not file exceptions with the AC, making the decision the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 404.984; Dkt. 15. Pursuant to the parties' stipulated motion (Dkt. 15), this Court reopened the case on October 15, 2024. Dkt. 16.[1] Defendant filed the sealed AR in this matter on October 29, 2024. Dkt. 17.

## II.    BACKGROUND

Plaintiff was born in 1966 and has a limited education. AR 672–73. The ALJ considered whether Plaintiff was disabled from his alleged onset date of January 1, 2003, through May 6, 2024, the date of the decision. *See* AR 628, 677. The ALJ found that, between July 1, 2012, and June 30, 2019, there was no 12-month period in which Plaintiff had not engaged in substantial

---

[1] This Court's sentence six remand order specifically directed that Plaintiff "may seek judicial review by reinstating this case rather than by filing a new complaint." Dkt. 13 at 2. Although Plaintiff challenges a different ALJ decision than that listed in his Complaint and seeks relief as to a new time period (*compare* Dkt. 5 *with* Dkt. 27), Defendant raises no argument challenging this claim as framed (*see* Dkt. 32) and the Court therefore finds the Complaint was constructively amended to seek such relief. *See* Fed. R. Civ. P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."); *Lone Star Sec. & Video, Inc. v. City of L.A.*, 584 F.3d 1232, 1235 n.2 (9th Cir. 2009) (permitting consideration of claim raised for first time in motion for summary judgment under Rule 15(b)(2) where "the parties fully argued the merits of the claim" and the Defendant "did not object to [Plaintiff's] failure to raise the claim in its complaint"). Although Plaintiff moved outside the Western District of Washington after he filed the Complaint (*see* AR 1485), this does not render the Court's venue improper, as Plaintiff lived in the district at the time the action was filed (*see* 42 U.S.C. § 405(g)) and Defendant did not argue otherwise, *see Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975) (venue provision of 42 U.S.C. § 405(g) waivable).

gainful activity, and therefore found Plaintiff not disabled during that period (at step one of the sequential evaluation process). AR 633–36; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1509. The ALJ found that, between January 1, 2003, and October 31, 2005, Plaintiff had no medically determinable impairments, and therefore found (at step two) Plaintiff was not disabled during that period. AR 637–38; *see also* 20 C.F.R. § 404.1520(a)(4)(ii).

The ALJ proceeded beyond step two to consider whether Plaintiff was disabled during two periods: (1) from November 1, 2005, through June 30, 2012, and (2) from July 1, 2019, through the date of the decision, May 6, 2024. AR 638.

The ALJ found Plaintiff had the following severe medically determinable impairments during the first period:

> degenerative disc disease (DDD) of the cervical spine and of the lumbar spine; depressive disorder, variously diagnosed as major depressive disorder, depressive-type schizoaffective disorder, mood disorder NOS (Not Otherwise Specified), and adjustment disorder with depressed mood; obsessive-compulsive disorder (OCD); personality disorder NOS; and attention-deficit hyperactivity disorder (ADHD).

AR 638. The ALJ found Plaintiff had the following severe medically determinable impairments during the second period: DDD of the cervical spine with stenosis, DDD of the lumbar spine, osteoarthritis of the left hip, schizoaffective disorder, ADHD, OCD, personality disorder, and generalized anxiety disorder. *Id.*

The ALJ found Plaintiff had the following Residual Functional Capacity (RFC) during the first period:

> to perform medium work, as defined in 20 CFR 404.1567(c) and 416.967(c), except that he was further limited in the following nonexertional respects:
>
> > - Could never climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs; could frequently balance, could occasionally stoop, crouch, and kneel, but could never crawl;

1

2

- Could occasionally reach overhead bilaterally, but could frequently reach in all other directions bilaterally;

3

- Could never use moving machinery, be exposed to unprotected heights, or perform commercial driving; and

4

5

6

- Could understand and remember simple instructions, could not perform work requiring a specific production rate, such as assembly-line work, or hourly quotas, could have occasional interaction with the public and with coworkers, and could deal with occasional changes in a routine work setting.

7    AR 644. Based on this RFC, the ALJ found Plaintiff was not disabled during this first period

8    because he could perform work existing in significant numbers in the national economy. *See* AR

9    674–75.

10        For the second period, the ALJ found Plaintiff could perform light work with the same

11    nonexertional limitations listed in the first period's RFC, but added that Plaintiff could frequently

12    handle and finger. AR 665. Based on the RFC assessments, the ALJ found Plaintiff could

13    perform work existing in significant numbers in the national economy until he reached the age of

14    55 in November 2021, and found Plaintiff disabled on and after that date. *See* AR 674–75.

15                          **III.    DISCUSSION**

16        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17    benefits if, and only if, the ALJ's findings are based on legal error or not supported by

18    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20        In his opening brief, Plaintiff contends the ALJ erred in (1) assessing his subjective

21    symptom testimony, (2) considering some of the medical opinion evidence, (3) considering two

22    non-medical source statements, and (4) failing to properly apply the trial work period rules to his

23

24

1    period of substantial gainful activity. Dkt. 27.[2] Plaintiff also contends the medical evidence

2    compels a finding that he is further limited than the ALJ found. *See* Dkt. 27 at 4–14. The Court

3    addresses Plaintiff's challenges to the ALJ's assessment of the medical evidence in its discussion

4    of Plaintiff's subjective testimony.

5         Plaintiff does not challenge the ALJ's finding that he had no medically determinable

6    impairments before November 1, 2005. *See* Dkt. 27. Aside from his final argument concerning

7    trial work periods, he does not challenge the ALJ's finding that he engaged in substantial gainful

8    activity precluding a finding of disability from November 1, 2012, through June 30, 2019. *See id.*

9    Plaintiff's first three arguments therefore concern the two relevant periods for which the ALJ

10   proceeded beyond step two of the sequential evaluation process and found Plaintiff not disabled:

11   (1) November 1, 2005, through June 30, 2012, and (2) July 1, 2019, through November 2021

12   (when Plaintiff turned 55).

13   **A.    Subjective Symptom Testimony**

14        Plaintiff contends the ALJ failed to provide specific, clear, and convincing reasons for

15   rejecting his subjective symptom testimony (Dkt. 27 at 15), as he was required to do, *Garrison v.*

16   *Colvin*, 759 F.3d 995, 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996));

17   AR 646, 666.

18

19

20

21

22

---

23   [2] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported
by the evidence he contends was improperly evaluated. Dkt. 27 at 23–24. As will be discussed, the Court finds the
ALJ's errors in assessing the medical evidence discussed herein render the RFC assessment inadequately supported
24   for the second relevant period but the Court finds no error as to the first relevant period.

1          1.    <u>First Relevant Period (Nov. 2005 – June 2012)</u>

2          Plaintiff alleged that, during the first relevant period, he had difficulties concentrating,

3    depression prohibiting social interaction, severe anxiety, and anger issues. *See* AR 44, 337–38,

4    1759, 1791–92, 1837–38.[3]

5          The ALJ properly found Plaintiff's testimony inconsistent with the objective medical

6    evidence. "When objective medical evidence in the record is *inconsistent* with the claimant's

7    subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v.*

8    *Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). The ALJ acknowledged that

9    Plaintiff presented with some abnormal mental health symptoms throughout the relevant period.

10   *See* AR 651–54. As the ALJ noted, in November 2005, Plaintiff presented to an emergency room

11   for mental health symptoms and was prescribed psychiatric medication. *See* AR 651, 2105–06.

12         But Plaintiff's baseline functioning on medications, the ALJ found, was relatively normal

13   and did not require further limitations. *See* AR 651–53. "Impairments that can be controlled

14   effectively with medication are not disabling for the purpose of determining eligibility for SSI

15   benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

16         This finding was supported by substantial evidence. Plaintiff had consultative

17   examinations in 2008 and 2011 which revealed normal or nearly-normal results in his attention,

18   memory, and alertness and responsiveness, and found he presented with only a mildly depressed

19   mood. *See* AR 652–53, 2236–40 (2008), 404–11 (2011). Consistent with these findings, Plaintiff

20   endorsed his depression and anxiety improved significantly from medication. *See* AR 651–52,

21   394, 2164. As the ALJ noted, Plaintiff sought little treatment from 2005 to 2012 and nearly all

22

23   _____

     [3] Plaintiff also testified to some physical issues during this period, but Plaintiff has raised no argument challenging
     the ALJ's findings that his testimony about his physical symptoms were inconsistent with the medical evidence. *See*
24   AR 646–50; Dkt.

1   the mental treatment notes reflecting significant abnormal symptoms during this period occurred

2   in the context of Plaintiff not using his medications. *See* AR 652–54, 2164–67, 2203–04.

3        True, Plaintiff may not have sought treatment due to financial issues during this time

4   period. *See* AR 494. But even assuming the ALJ could not make adverse inferences from the

5   lack of treatment, the ALJ's assessment of the medical evidence was a rational one because there

6   is no evidence from this time period suggesting severe mental symptoms when Plaintiff was

7   compliant with his prescribed medications. *See Warre*, 439 F.3d at 1006 (citing *Burnside v.*

8   *Bowen*, 845 F.2d 587, 592 (5th Cir. 1988) (affirming denial of SSI application and declining to

9   hold that persons are entitled to benefits if they "can prove no disability but only seek benefits as

10  a means of affording care that might conceivably prevent a disability")).

11       Most of the abnormal results to which Plaintiff cites are from treatment notes from May

12  2012 through December 2013. *See* Dkt. 27 at 8–12. And most of this evidence falls outside the

13  first relevant period, so it does little to cast doubt upon the ALJ's RFC assessment for that

14  period. *Cf. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)

15  ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

16       Even so, the ALJ did assess this evidence and properly found it did not require further

17  limitations. AR 653–54. Plaintiff reported auditory hallucinations in May 2012 (AR 479) but was

18  subsequently prescribed further medication which, he reported, greatly reduced or eliminated the

19  frequency of such issues (AR 491–92). AR 653. He had an abnormal consultative examination

20  and several other appointments noting significant mental health symptoms which Plaintiff

21  highlights (AR 464–66, 486), but as the ALJ noted (AR 653–54), he was not compliant with

22  medications at this time. Similarly, although Plaintiff reported concentration difficulties during

23  this time and was diagnosed with ADHD, he reported significant improvement from medication.

24

1    *See* AR 653–54, 476. Thus, the ALJ reasonably assessed the medical evidence pertaining to

2    Plaintiff's mental impairments during the first relevant period.

3    Additionally, the ALJ properly discounted Plaintiff's testimony because it was

4    inconsistent with his activities of daily living during the first relevant period. *See* AR 655; *Orn v.*

5    *Astrue*, 495, F.3d 623, 639 (9th Cir. 2007) (activities of daily living serve as a valid reason for

6    rejecting testimony where inconsistent with that testimony). As the ALJ noted, Plaintiff served as

7    a caregiver for his mother during the first relevant period, which involved all-day care and

8    supervision, chores, and significant yardwork. *See* AR 655. The ALJ could reasonably find such

9    work inconsistent with Plaintiff's claims of work-prohibiting mental symptoms.

10    In sum, the ALJ properly assessed Plaintiff's subjective symptom testimony during the

11    first relevant period.

12    2.    Second Relevant Period (July 2019 – November 2021)

13    Plaintiff alleged that, during the second relevant period and following a workplace injury

14    in 2019 resulting in hernias, he experienced difficulty standing for long periods of time without

15    rest; difficulty walking longer distances (a mile or more); and suffered from neck pain following

16    prolonged periods of sitting. *See* AR 718, 722–23.

17    The ALJ described some of the medical evidence related to Plaintiff's physical

18    allegations during the second relevant period. *See* AR 667–69. As the ALJ summarized, after

19    Plaintiff's injury, examinations revealed some abnormal results (including x-rays showing cysts,

20    osteoarthritis, hernias, stenosis, and cervical radiculopathy) but examinations also regularly

21    revealed full strength, mildly impaired range of motion, and normal gait. *See id.* From March

22    2020 through September 2022, he received no treatment, and subsequent treatment focused on

23    newly developed ankle pain. *See id.*

24

Unlike his findings with respect to the first relevant period, the ALJ did not adequately explain how this evidence was inconsistent with Plaintiff's testimony. Instead, the ALJ stated "no evidence supports limitations from low back and left hip pain in standing and walking, or in sitting, for continuous periods," and "the foregoing objective medical evidence and limited to no treatment pursued support no greater exertional, postural, or other physical work-related limitations." AR 668.

However, a lack of corroborating evidence is not a clear and convincing reason for rejecting Plaintiff's testimony about the extent of his symptoms. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Moreover, "to satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."). The ALJ did not do so here.

Nor is the objective evidence so clearly inconsistent with Plaintiff's testimony that the Court can reasonably infer such an inconsistency from the ALJ's decision. In addition to abnormal findings both on examination and in x-rays identified by the ALJ (*see* AR 668–69), physical therapy notes from early 2020 also identified stiffness, pain, tenderness, reduced range of motion, and other difficulties (*see* AR 3616, 3629, 3632, 3635, 3639, 3646). Although there were some findings of normal gait (*see* AR 668), this provides little probative evidence of the

length of time in which Plaintiff can walk or stand, and provides no evidence contradicting his

sitting-related allegations.

Finally, Plaintiff's lack of treatment was not a proper basis to reject Plaintiff's testimony

because, as the ALJ noted and credited (*see* AR 668), Plaintiff explained this lack of treatment as

being a result of the COVID-19 pandemic and his lack of insurance. *See Carmickle v. Comm'r,*

*Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (conservative treatment not proper basis

for rejecting testimony "where the claimant has a good reason for not seeking more aggressive

treatment").

In sum, the ALJ failed to give specific, clear, and convincing reasons for rejecting

Plaintiff's testimony about the extent of his limitations after July 1, 2019. Defendant does not

contest such an error requires reversal, and the Court reverses. *See Ferguson v. O'Malley*, 95

F.4th 1195, 1204 (9th Cir. 2024) ("The Commissioner does not contend that the ALJ's error was

harmless. Consequently, we reverse the judgment …").

**B.     Medical Opinion Evidence**

Plaintiff "does not object" to most of the ALJ's assessment of the medical opinion

evidence, with two exceptions. *See* Dkt. 17 at 14–15. First, Plaintiff contends the ALJ

improperly assessed the opinion of Scott Alvord, MD, who opined in August 2012 that Plaintiff

could work only in structured and supported work settings. Dkt. 27 at 14; AR 587.

The ALJ found this opinion conflicted with evidence that Plaintiff was able to meet the

mental demands of work activity in settings that were not structured or supported. AR 660; AR

636 (reviewing work history, including working as a ride operator sporadically from 2008 to

2010); AR 707–08 (same); AR 633 (Plaintiff started substantial gainful activity two months prior

to Dr. Alvord's opinion); *see also* AR 616 (Judge Simon upholding adverse subjective testimony

determination based on part-time work history). Although Plaintiff's work history before July 2012 was mostly seasonal, the ALJ could nonetheless assume it was not structured or supported. Such an inconsistency is a proper basis on which to reject Dr. Alvord's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("A conflict between [an opinion] and a claimant's activity level is a specific and legitimate reason for rejecting the opinion.").

Second, Plaintiff argues the ALJ erred in rejecting the opinion of Eunice Chen, MD, and the similar statement of Andrea Simmons, ARNP. Dkt. 27 at 15. Both sources opined in June 2019 that Plaintiff would be limited to occasional lifting and carrying up to 10 pounds. *See* AR 3443, 3471. However, both sources indicated those limitations only applied from June 2019 through July 2019 (NP Simmons) or August 2019 (Dr. Chen). *See id.* The ALJ properly rejected the opinions because they opined limitations for only a period of one to two months following Plaintiff's May 2019 work injury. *See* AR 671, 667–68 (discussing improvement post-injury). For this reason, the ALJ could properly find the opinions unhelpful in assessing the extent of Plaintiff's limitations throughout the second relevant period.

Moreover, any error in assessing the opinions of Dr. Chen and NP Simmons would be harmless. An error that is inconsequential to the non-disability determination is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). Because both sources opined only short-term limitations on Plaintiff's abilities, even if the ALJ credited the opinions, the ALJ would not be required to include such limitations in the RFC. *See* SSR 23-1p ("[W]e will not include limitations in the RFC assessment that completely resolve, or that we expect to completely resolve, within 12 months.").

1    **C.    Non-Medical Source Statements**

2         Plaintiff challenges the ALJ's assessment of two lay witness statements. Dkt. 17 at 21–

3    22. The ALJ is required to give germane reasons for rejecting such statements. *See Nguyen v.*

4    *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

5         First, Plaintiff argues the ALJ failed to properly assess the 2010 testimony of his

6    roommate, Ms. Hildebrandt, who testified Plaintiff was often upset, stressed, showed signs of

7    depression, and was in constant pain. *See* AR 1115–17.

8         The ALJ properly discounted Ms. Hildebrandt's testimony because it was based on a

9    limited view of Plaintiff's symptoms. *See* AR 665. Ms. Hildebrandt only lived with Plaintiff for

10   two months during 2009 and otherwise only saw him once every several months. *See* AR 383.

11   Ms. Hildebrandt's observations, then, were based on a limited period which included Plaintiff's

12   recovery from an accident. *See* AR 647. Given the brief period in which Ms. Hildebrandt

13   observed Plaintiff, the ALJ properly found the testimony was not probative as to Plaintiff's

14   abilities throughout the seven-year period.

15        Even so, any error in considering Ms. Hildebrandt's testimony would be harmless, as the

16   ALJ properly considered Plaintiff's similar testimony about his limitations during the first

17   relevant period. *See Molina v. Astrue*, 674 F.3d 1104, 1116–22 (9th Cir. 2012).

18        Second, Plaintiff argues the ALJ failed to properly assess the vocational assessments of

19   Rhonda Sabin and Kay Clark. However, Judge Simon found the failure to address these

20   statements was harmless error (*see* AR 608–10, 859–61) and the law of the case doctrine bars the

21   Court from reconsidering these findings. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016)

22   (citation omitted).

23

24

1      Judge Simon found the failure to address Ms. Clark's opinion was harmless because the

2  ALJ would have been required to prefer the contrary opinion of Dr. Robert Kruger over her

3  statement. AR 608–10. Plaintiff has not challenged the ALJ's determination that Dr. Kruger's

4  contrary opinion was entitled to great weight. *See* AR 660; *Lester v. Chater*, 81 F.3d 821, 830

5  (9th Cir. 1995) (An examining physician's opinion is "entitled to greater weight than the opinion

6  of a non-examining physician."); 20 C.F.R. § 404.1527(c)(1).

7      Judge Simon found the failure to address Ms. Sabin's statement harmless because the

8  ALJ found Plaintiff limited to performing light work which was consistent with Ms. Sabin's

9  statement. *See* AR 608–10. Although the ALJ here found Plaintiff capable of medium work, he

10 based his step five finding on Plaintiff's ability to perform light work, so the same rationale

11 applies. *See* AR 674. Thus, Plaintiff has not shown reversible error in the ALJ's consideration of

12 the vocational assessments.

13 **D.    Trial Work Period**

14     Plaintiff argues the ALJ erred by failing to apply the rules pertaining to trial work periods

15 in evaluating Plaintiff's work history between July 1, 2012, and June 30, 2019. Dkt. 27 at 3–4. A

16 claimant who has been found disabled is entitled to a nine-month trial work period in which they

17 may perform services without being found not disabled. *See* 20 C.F.R. § 404.1592(a). Here,

18 however, Plaintiff was not found disabled prior to the beginning of his work history. *See* AR

19 673–75. For this reason, Plaintiff was not entitled to a finding that his subsequent work

20 experience was a trial work period.

21     Plaintiff contends the Court should nonetheless direct the ALJ, on remand, to apply the

22 trial work period rules if he finds Plaintiff disabled prior to his 2012 work activity. *See* Dkt. 36 at

23 1. Even if the Court found error in the ALJ's determination that Plaintiff was not disabled before

24

1   July 1, 2012, it would decline Plaintiff's request. The Court cannot engage in "general legal

2   oversight" of Commissioner's determinations, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–

3   24 (2021), and will therefore not issue conditional instructions unrelated to demonstrated error,

4   *see Gill v. Whitford*, 585 U.S. 48, 66 (2018) ("[A] [P]laintiff's remedy must be limited to the

5   inadequacy that produced his injury in fact.") (quotation and citation omitted).

6   **E.   Remand**

7          Plaintiff has not challenged the ALJ's determination that he was not disabled (at step

8   two) prior to November 2005. He has not successfully argued the ALJ erred in finding he could

9   perform work existing in significant numbers in the national economy between November 2005

10  and June 2012. And he has not shown error in the ALJ's determination that he performed

11  substantial gainful activity from July 2012 through June 2019 such that he could not be found

12  disabled during that period. Thus, the Court affirms the ALJ's finding that Plaintiff was not

13  disabled before July 1, 2019.

14         The Court, however, has found that the ALJ erred in assessing Plaintiff's subjective

15  symptom testimony for the period between July 1, 2019, and Plaintiff's 55th birthday in

16  November 2021, and that this error requires reversal. Plaintiff contends the case should be

17  remanded for an award of benefits with respect to that period. Dkt. 27 at 24–25. Plaintiff argues

18  the evidence indicates he must be found capable of only sedentary work for that period, and

19  under the Medical-Vocational Guidelines, this would direct a finding of disabled. *See id.*

20  However, Plaintiff's testimony does not establish he would be limited to sedentary work. As

21  Plaintiff described it, he had difficulties standing for four to five hours at a time in 2019 (*see* AR

22  718), but this is more than the amount of standing required in a sedentary work day (*see* SSR 96-

23  8p). Further, the Court has found the ALJ properly discounted the only medical source relevant

24

to this period. *See* AR 671. For this reason, there remain gaps and conflicts in the medical

evidence which require further proceedings to resolve. *See Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017).

### IV.    CONCLUSION

The ALJ's decision is affirmed in part and reversed in part. The ALJ properly found

Plaintiff not disabled prior to July 1, 2019. The Court therefore **AFFIRMS** the ALJ's decision

that Plaintiff was not disabled prior to that date. However, the ALJ erred in finding Plaintiff not

disabled on and after that date. Thus, the Court **ORDERS** that this matter be **REVERSED** and

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative

proceedings to determine whether Plaintiff is disabled from July 1, 2019, through the date of his

55th birthday in November 2021.


Dated this 9th day of July, 2025.


Grady J. Leupold
United States Magistrate Judge